
JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.	ED CV 09-01563-SGL(PLAx)                                     Date: September 3, 2009

Title:	NATIONAL CITY BANK -v- MARIA PENALOZA
==================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

      Cindy Sasse				None Present
      Courtroom Deputy			Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:		ATTORNEYS PRESENT FOR DEFENDANTS:

None present					None present

**PROCEEDINGS:    ORDER REMANDING CASE**

      The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to Riverside Superior Court.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

      Although the Notice of Removal purports to remove the present action on the basis of the Court's federal question jurisdiction, the recitation in the Notice of Removal by defendant regarding the contents of the state-court complaint bears no resemblance to the complaint actually attached to the Notice of Removal, which is a straightforward unlawful detainer action proceeding under state law.  Therefore, the Court has no federal question jurisdiction.  See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

      There is no evidence that petitioner and respondents are citizens of different states, and the amount in controversy (less than $10,000) does not meet the threshold jurisdictional amount of $75,000 (exclusive of interest and costs), both of which are required to invoke the Court's diversity

jurisdiction. <u>See</u> 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state; here, defendant, who reports his address as the property at issue in this action (located in Riverside, California), is clearly a forum defendant who may not remove a state-court action that does not arise under federal law. <u>See</u> 28 U.S.C. § 1441(b).

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand of the action. See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction). Accordingly, the Court **HEREBY REMANDS** the present action to the San Bernardino Superior Court.

The Clerk shall close the case.

**IT IS SO ORDERED.**